IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| YVAN JAYNE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C.A. No. 6:22-cv-564-ADA-JCM |
| | § | |
| HEALTH CARE SERVICE | § | |
| CORPORATION, A MUTUAL LEGAL | § | |
| RESERVE COMPANY, d/b/a BLUE | § | |
| CROSS AND BLUE SHIELD OF TEXAS, | § | |
| and BROOKE ARMY MEDICAL | § | |
| CENTER, | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT**

Defendant Health Care Service Corporation, a Mutual Legal Reserve Company d/b/a/ Blue Cross and Blue Shield of Texas ("BCBSTX") files this Answer to Plaintiff's Second Amended Complaint ("SAC") and states:

**I.  PARTIES**

1.      Admits, based on information and belief, the allegations contained in paragraph no. 1.

2.      With respect to the allegations contained in paragraph no. 2, states that Health Care Service Corporation is a mutual legal reserve company, an Illinois corporation, with its principal place of business in Chicago, Illinois; and denies the remaining allegations contained therein.

3.      With respect to the allegations contained in paragraph no. 3, admits Brooke Army Medical Center is a medical facility; and states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore denied.

## II.  JURISDICTION AND VENUE

4.      With respect to the allegations contained in paragraph no. 4, states they seek a legal conclusion, but does not contest jurisdiction is proper in this action.

5.      Admits the allegations contained in paragraph no. 5, but denies Plaintiff is entitled to any relief herein.

## III.  FACTS

6.      With respect to the allegations contained in paragraph no. 6, states the allegations regarding the "promise of health insurance" seek a legal conclusion and require no response; states BCBSTX issues and administers medical policies and plans, which policies and plans speak for themselves; states that the subject BCBSTX HMO Group Number of 000631 ("Policy") speaks for itself; and denies the remaining allegations contained therein.

7.      With respect to the allegations contained in paragraph no.7, states the allegations regarding Texas law set forth legal conclusions and require no response; and states the terms and conditions of the Policy speak for themselves; and therefore denied.

8.      With respect to the allegations contained in paragraph no. 8, states Plaintiff's medical records speak for themselves, therefore denied; and states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

9.      With respect to the allegations contained in paragraph no. 9, states Plaintiff's medical records speak for themselves; and states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

10.      With respect to the allegations contained in paragraph no. 10, states Plaintiff's medical records speak for themselves.

11.     With respect to the allegations contained in paragraph no. 11, admits Plaintiff was insured under the Policy at the time of his alleged injuries, subject to the terms and conditions thereof. Identification Number of 925194645.

12.     With respect to the allegations contained in paragraph no. 12, states the Policy terms speak for themselves; and denies all allegations inconsistent therewith.

13.     With respect to the allegations contained in paragraph no. 13, states the Policy terms speak for themselves; and denies all allegations inconsistent therewith.

14.     With respect to the allegations contained in paragraph no. 14, states the Policy terms speak for themselves; and denies the remaining allegations contained therein.

15.     With respect to the allegations contained in paragraph no. 15, the medical bill received by BCBSTX from Brooke Army Medical Center reflected a billed charge of $85,458.54; and states BCBSTX correctly processed and reimbursed the claim submitted under the Policy.

16.     With respect to the allegations contained in paragraph no. 16, admits Brooke Army Medical Center submitted a claim under the Policy as purported assignee of Plaintiff; and states BCBSTX correctly processed and reimbursed the claim.

17.     BCBSTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 17, but states BCBSTX correctly processed and reimbursed the claim; and denies the remaining allegations therein.

18.     BCBSTX is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 18, therefore denied.

19.     BCBSTX denies the allegations contained in paragraph no. 19.

20.     With respect to the allegations contained in paragraph no. 20, states BCBSTX properly processed and reimbursed the claim under the terms of the Policy; and denies any further payments are owing.

21.     Without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 21, therefore denied.

22.     With respect to the allegations contained in paragraph no. 22, admits BCBSTX upheld its claim decision, which speaks for itself; and denies the remaining allegations contained therein.

23.     With respect to the allegations contained in paragraph no. 23, BCBSTX denies Plaintiff exhausted all administrative remedies, that it underpaid the claim, or that further benefits are payable under the Policy or otherwise.

### IV.  BREACH OF THE INSURANCE CONTRACT

24.     With respect to the allegations contained in paragraph no. 24, BCBSTX incorporates its responses to paragraph nos. 1-23, as if set forth verbatim herein.

25.     With respect to the allegations contained in paragraph no. 25, admits the Policy was in force at the time of Plaintiff's alleged injuries and premiums paid; and states it is without knowledge or information sufficient to form a belief as to the premium payor of the Policy or source of premiums, therefore denied; denies the remaining allegations therein.

26.     With respect to the allegations contained in paragraph no. 26, states the Policy terms speak for themselves; and denies all allegations inconsistent therewith.

27.     With respect to the allegations contained in paragraph no. 27, states the Policy terms speak for themselves; and denies all allegations inconsistent therewith.

28.     Denies the allegations contained in paragraph no. 28.

29.     Without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 29, therefore denied.

30.     Denies the allegations contained in paragraph no. 30.

## V.  REQUEST FOR DECLARATORY JUDGMENT
## AGAINST BROOKE ARMY MEDICAL CENTER

31.     With respect to the allegations contained in paragraph no. 31, BCBSTX incorporates its responses to paragraph nos. 1-30, as if set forth verbatim herein.

32.     With respect to the allegations contained in paragraph no. 32, states Plaintiff's medical records speak for themselves; and states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

33.     With respect to the allegations contained in paragraph no. 33, the medical bill received by BCBSTX from Brooke Army Medical Center reflected a billed charge of $85,458.54; and states BCBSTX correctly processed and reimbursed the claim submitted under the Policy. BCBSTX denies any remaining allegations in paragraph no. 33.

34.     Without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 34, therefore denied; but states BCBSTX correctly processed and reimbursed the claim.

35.     Without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 35, therefore denied.

36.     With respect to the allegations contained in paragraph no. 36, denies that BCBSTX underpaid the claim of Brooke Army Medical Center; and states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, therefore denied.

37.     With respect to the allegations contained in paragraph no.37, states the allegations set forth legal conclusions and require no response; and states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, therefore denied.

38.     With respect to the allegations contained in paragraph no. 38, states the allegations set forth legal conclusions and require no response; and states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, therefore denied.

## VI.  BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

39.     With respect to the allegations contained in paragraph no. 39, BCBSTX incorporates its responses to paragraph nos. 1-38, as if set forth verbatim herein.

40.     With respect to the allegations contained in paragraph no. 40, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

41.     With respect to the allegations contained in paragraph no. 41, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

42.     With respect to the allegations contained in paragraph no. 42, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

43.     With respect to the allegations contained in paragraph no. 43, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

44.     With respect to the allegations contained in paragraph no. 44, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

45.     With respect to the allegations contained in paragraph no. 45, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

46.     With respect to the allegations contained in paragraph no. 46, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

47.     With respect to the allegations contained in paragraph no. 47, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

48.     With respect to the allegations contained in paragraph no. 48, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

49.     With respect to the allegations contained in paragraph no. 49, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

50.     With respect to the allegations contained in paragraph no. 50, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

51.     With respect to the allegations contained in paragraph no. 51, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

52.     With respect to the allegations contained in paragraph no. 52, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

53.     With respect to the allegations contained in paragraph no. 53, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

54.     With respect to the allegations contained in paragraph no. 54, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

55.     With respect to the allegations contained in paragraph no. 55, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

## VII.  VIOLATIONS OF THE TEXAS INSURANCE CODE

56.     With respect to the allegations contained in paragraph no. 56, BCBSTX incorporates its responses to paragraph nos. 1-55, as if set forth verbatim herein.

57.      With respect to the allegations contained in paragraph no. 57, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

58.     With respect to the allegations contained in paragraph no. 58, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

59.     With respect to the allegations contained in paragraph no. 59, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

60.     With respect to the allegations contained in paragraph no. 60, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

61.     With respect to the allegations contained in paragraph no. 61, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

62.     With respect to the allegations contained in paragraph no. 62, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

63.     With respect to the allegations contained in paragraph no. 63, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

64.     With respect to the allegations contained in paragraph no. 64, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

65.     With respect to the allegations contained in paragraph no. 65, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

66.     With respect to the allegations contained in paragraph no. 66, states this Court adopted the Magistrate's recommendation of dismissal of this cause of action [Doc. 32] and such claim has been dismissed; therefore, no response is required.

67.     Denies the allegations contained in paragraph no. 67.

68.     Denies the allegations contained in paragraph no. 68; and states Plaintiff dismissed the Chapter 542 claim.

69.     Denies the allegations contained in paragraph no. 69; and states punitive or exemplary damages are not recoverable on a breach of contract claim.

70.     Denies the allegations contained in paragraph no. 70; and denies Plaintiff is entitled to any relief therein.

71.     Denies the allegations contained in paragraph no. 71; and denies Plaintiff is entitled to any relief therein.

72.     Denies the allegations contained in paragraph no. 72; and denies Plaintiff is entitled to any relief therein.

73.     Denies the allegations contained in paragraph no. 73.

74.     Denies the allegations contained in paragraph no. 74; and denies Plaintiff is entitled to any relief therein.

75.     Admits the allegations contained in paragraph no. 75.

76.     Denies the allegations contained in the Prayer.

77.     Denies all claims not specifically admitted.

## AFFIRMATIVE DEFENSES

78.     Plaintiff's claims are barred, in whole or in part, by the contractual disclaimers, limitations, and reimbursement methodologies contained in the Policy.

79.     Plaintiff's claims are barred, in whole or in part, because the claim of Brooke Army Medical Center was properly processed under the Policy, and therefore Plaintiff is unable to establish a breach.

80.     Plaintiff's claims are barred, in whole or in part, by the doctrine of payment, as BCBSTX processed and paid the claim in accordance with the terms of the Policy.

81.     Plaintiff's claim is barred, in whole or in part, for failing to timely exhaust administrative remedies.

82.     Plaintiff's claim is barred, in whole or in part, to the extent he assigned the claim to Brooke Army Medical Center.

83.     Plaintiff's claims for mental anguish, emotional distress, exemplary and/or punitive damages are barred, in whole or in part, as they are not recoverable on a breach of contract claim.

84.     Plaintiff's claims are barred, in whole or in part, by the failure to mitigate his damages, if any.

Dated: April 7, 2023                                 Respectfully submitted,

                                                     By:  /s/ Andrew G. Jubinsky
                                                         Andrew G. Jubinsky
                                                         State Bar No. 11043000
                                                         andy.jubinsky@figdav.com
                                                         Matthew B. Skidmore
                                                         State Bar No. 24106941
                                                         Matt.skidmore@figdav.com

                                                     FIGARI + DAVENPORT, LLP
                                                     901 Main Street, Suite 3400
                                                     Dallas, Texas 75202
                                                     T: (214) 939-2000
                                                     F: (214) 939-2090

                                                     ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document has been served via the Court's CM/ECF system on April 7, 2023, on the parties listed below:

Amar Raval, TBA #24046682
araval@bergplummer.com
**BERG PLUMMER JOHNSON & RAVAL LLP**
3700 Buffalo Speedway, Suite 1150
Houston, TX 77098

**ATTORNEY FOR PLAINTIFF**

_/s/ Andrew G. Jubinsky_
Andrew G. Jubinsky